## Fidelity & Deposit Co. of Maryland v. Barnes et al.
(Decided Nov. 15, 1938.)

CHARLES FERGUSON for appellant.
WELLS & WILSON for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Reversing.

D. L. Barnes, a citizen and resident of Livingston county, died intestate in 1925 and left surviving a widow, Ida C. Barnes, and three sons, O. G., Lee and Odell Barnes, as his only heirs at law. On September 2, 1925, Mrs. Ida C. Barnes was appointed administratrix of his estate and executed bond as such in the sum of $5,000, with the Fidelity and Deposit Company of Maryland, hereinafter called the company, as surety. As revealed by the record, in April, 1927, Ida C. Barnes apparently attempted to and thought she had been appointed and qualified as guardian of Lee and Odell Barnes who were infants and had executed bond as such with the company as surety. However, there is no court record whatever showing that she ever was appointed or qualified or that any bond was ever executed or was approved by the court. It is stipulated that in an action pending in the Livingston circuit court to sell some real estate of the decedent, Ida Barnes, as guardian of Lee and Odell Barnes, executed the bond required by section 493 of the Civil Code of Practice with the company as her surety. On April 7, 1934, Mrs. Barnes made what purports to be a final settlement of her accounts as administratrix, this being the only settlement made by her as such so far as the record shows. On October 7, 1935, she attempted to make a settlement as guardian for Lee and Odell Barnes and to account for the funds that she had turned over as administratrix to herself as guardian.

Lee Barnes attained his majority on May 7, 1934, and Odell Barnes attained his majority on August 21, 1935, and thereafter they filed this suit against their mother as administratrix and the company as surety on her bond as such to surcharge her settlement as administratrix, it being alleged in substance that she had failed to account to them for the sum of $5,500 which she had lost by selling some bonds owned by her decedent and purchasing with the proceeds thereof shares in the Mississippi Utilities Investment Company, which were worthless and of no value whatever. They also alleged that their mother, Ida C. Barnes, had presumed

to act as guardian for them and had attempted to make a settlement as such but that she was not and had never been their statutory guardian and had never executed bond as such, although she claimed credit for paying out $66.66 as premium on her bond as guardian. They also asked that this pretended settlement be surcharged and that they recover of Ida C. Barnes, administratrix, the sum of $5,569.66, and from the company the sum of $5,000 and the further sum of $66.66 which it wrongfully received as premium on the alleged guardian's bond and also the sum of $3, claimed to have been paid to the county judge for making final settlement with the guardian.

By amended petition O. G. Barnes was made a party defendant but neither he nor his mother, individually, or as administratrix, made any defense or filed answer.

The defense of the company is in substance and effect that any loss to the estate in the matters complained of in the petition was due to depreciation in the market value of the stock as a result of the great depression beginning in 1929; that Mrs. Barnes was the legal guardian for her sons and that the investment made was such as an ordinarily prudent person would make and further that regardless of her right to make the investment she was entitled to one-half of the personal estate of her deceased husband and that her sons, Lee and Odell Barnes, would only be entitled to two-thirds of the remaining half of whatever the loss might be, less advancements made to them as shown by the settlement.

On final hearing the chancellor found in effect that Ida C. Barnes never in fact qualified as guardian or executed any bond as such and that as administratrix she had no right to make the investment complained of and that she and her bondsmen would be liable for any loss resulting from such investment; that the liability of the company was limited by the amount of its bond and it was adjudged that the plaintiff recover of Ida C. Barnes and the company the sum of $5,000. In addition thereto they should recover of Ida C. Barnes the sum of $569.66, and the company alone is appealing. It was further adjudged that the settlement made by the administratrix be surcharged and that she should be charged with the matters referred to in the opinion as recoverable from her and her co-defendant and that she

be required to make a full, final and complete settlement of her accounts as administratrix of the estate of her deceased husband.

It is difficult to tell from what sources the funds making up the charges against the administratrix in her settlement were derived, that is whether any of these charges represented proceeds of a light plant or other real estate owned by decedent. However, no question is made about that and we assume that the proceeds of the real estate were not included. Neither does the settlement reveal whether Ida C. Barnes has received that portion of the personal estate of her husband to which she was and is entitled under the law or whether the total amount shown to have been paid to O. G. Barnes would be the full amount due him on a final and correct settlement.

We deem any further recitation of the facts unnecessary since it would be of no interest or benefit except to parties in interest and they are acquainted with the facts. It is sufficient to say that the finding of the chancellor that Ida C. Barnes never in fact was appointed, qualified or executed bond as guardian for her infant sons is fully sustained by the evidence. However, in passing we might add as indicated by the chancellor that if she had in fact been duly qualified as guardian, the investment complained of was not such as should receive the sanction of a court.

It is our further view that the administratrix and the surety on her bond are liable for any loss sustained by reason of such investment; however, neither Mrs. Barnes nor O. G. Barnes are asserting any claim to any balance for which the administratrix should be required to account and appellees are only entitled to recover so much of the sums sued for as they would be entitled to as heirs and distributees under a complete and correct settlement of their father's estate. It is impossible to determine in the state of the record what sums, if any, would be due them upon such a settlement. The administratrix should be required to comply with the judgment of the court and make a full, final and correct settlement of her accounts and appellees should have judgment for such sums as may be found due them by such settlement.

Wherefore, the judgment is reversed for proceedings and judgment in conformity with the opinion.